## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD JIMENEZ, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-14-446-HE |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing *pro se*, has filed this action pursuant to the Federal Tort Claims Act (FTCA) against the United States of America (United States) alleging he received negligent medical treatment from two individuals employed by the United States at the Federal Transfer Center in Oklahoma City, Oklahoma. (FTC-OKC). Plaintiff also asserts civil rights claims against the two individual employees of the United States involved in his care at FTC-OKC. Chief United States District Judge Joe Heaton has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C § 636(b)(1)(B). Before the Court is a Motion for Summary Judgment submitted on behalf of Defendant United States. **(ECF No. 67)**. The motion for summary judgment should be **GRANTED**, and the claims against the individual defendants, Earnest Barby, PA, and Unknown Nurse[1] should be **DISMISSED** with prejudice upon entry of judgment on the FTCA claim against the United States.

---

[1] Neither PA Barby (now deceased) nor the unknown nurse has been served. In fact, the unknown nurse has never been identified, despite the best efforts of counsel for Defendant United States. *See* ECF No. 59 (Response to Order to Provide Reasonably Available Information Regarding Identity of Defendant 'Unknown Nurse.')

## I.  BACKGROUND

After exhausting his administrative remedies and completing the necessary steps to bring an action under the FTCA, Plaintiff initially filed his complaint in the United States District Court for the Northern District of Ohio. (ECF No. 1). That court transferred the case to this District. (ECF No. 6). Thereafter, Plaintiff filed his Amended Complaint. (ECF No. 31).

Plaintiff's claims arise from Plaintiff's short stay at FTC-OKC in route to FCI-Elkton in Lisbon, Ohio. Plaintiff states that he suffered injuries while incarcerated at FTC-OKC on March 28, 2012, when he fell during his sleep from a top bunk onto the concrete floor six feet below. He states he sustained injuries to his leg, neck and head areas. (ECF 31:3-4).

Plaintiff went to sick call the next morning, March 29, 2012, where he encountered Defendants, Unknown Nurse and PA Barby. According to Plaintiff, these individuals did no more than a cursory examination, assigned him to a lower bunk, and prescribed Tylenol. (ECF 31:4). Plaintiff admits however, that although he was in pain, he did not return to sick call during his stay at FTC-OKC. Plaintiff attributes his failure to seek further medical care to his belief that "it would [not] accomplish anything," and his general impression that he should conceal any weakness that might be observed by other inmates:

> Basically, having received my Tylenol with no further examination, I did not feel that going back to Sick Call at FTC-Oklahoma City would accomplish anything more than had already been done, i.e., nothing!. Since my arrest and pre-trial incarceration, I had been

> conditioned/required, by my perception of the inmate population, not to show pain or weakness in any form. Because of this, I did my best to conceal such, even though I was in great pain. Had I known, or thought, that going back to Sick Call would accomplish anything more, I would have been back there every day.

(ECF No. 31:5).

Plaintiff arrived at FCI-Elkton on April 3, 2013. During his initial medical screening, Plaintiff denied any history of head injury or loss of consciousness. He did not report any current pain. The screening does not include a record of any reference to the fall at FTC-OKC. (ECF No. 67-3:51-57).

Medical records dated April 11, 2012, record Plaintiff's visit to the Chronic Care Clinic where Plaintiff first advised medical personnel of his fall during his stay at FTC-OKC. Plaintiff complained of left foot pain, which he self-rated as 4 on a scale from 0 to 10 with 0 being no pain; left leg pain rated as 3 out of 10; and mild lower back pain rated as 2 out of 10. (ECF 31-4:2). Upon examination, medical personnel recorded a finding of mild tenderness in Plaintiff's "left lateral thigh area extending down to his left knee area." The medical provider also observed, however that Plaintiff had full range of motion in his knee and no visible swelling, effusion laxity or knocking. (ECF No. 31-4:1-5). Though findings on examination did not reveal obvious problems, medical personnel prescribed acetaminophen for 90 days and ordered X-rays of Plaintiff's left knee and left foot to determine the cause of Plaintiff's chronic pain.

The report of the X-ray of the left foot states the films were "[n]egative except for mild degenerative joint disease." (ECF 31-4:6). The findings based upon X-rays of

Plaintiff's left knee, however, were characterized as "abnormal." The findings included "Mildly displaced fracture proximal fibular shaft with calcified periosteal reaction callus formation consistent with subacute injury. Nondisplaced fibular head/neck[2] fracture." Additionally the X-rays revealed moderate to severe degenerative joint disease. (ECF 31-4:7).

Plaintiff had a follow-up visit with the prison doctor on April 23, 2012. The medical record sums up Plaintiff's history and X-ray results:

> Patient fell out of bed from top bunk while in Oklahoma on 03/29/12. He continue[s] to have left knee/proximal lower leg pains. X-ray of his left knee/ and proximal tib/fib reveal a linear complete fracture of the proximal shaft of his [fibula]. His tibia is intact. This is a non weight bearing bone. He will need an orthopedic consult regarding this fracture.

(ECF No. 31-4:9).

On July 2, 2012, Plaintiff met with David A. Weimer, M.D., an orthopedic surgeon, for follow up. Dr. Weimer found that Plaintiff's knee was stable; that he had a full range of motion of both the knee and leg; and that he exhibited no tenderness or pain. Dr. Weimer released Plaintiff from further follow-up and recommended activity as tolerated. (ECF No. 67-3:16-17).

At his next medical appointment on July 16, 2012, Plaintiff reported no pain, stated he was running three days a week and doing yoga two days a week and reported he was no longer taking Tylenol. (ECF No. 67-3:11). Notes from an October 23, 2012 visit to health services reflect that the physician found Plaintiff to be well and

---

[2] The references to "neck and head" concern the "neck and head" of the non-displaced fracture of the *fibula*. The record reflects no X-rays of Plaintiff's neck and head.

under no stress. (ECF No. 67-3:5-7). There is no mention of pain, staggered gait or balance issues.

## II. PLAINTIFF'S CLAIMS

Plaintiff is suing defendant United States for the alleged negligence of PA Barby and the Unknown Nurse. Plaintiff seeks damages arising from "any legal malpractice action(s)" pursuant to "28 U.S.C. § 2672 of the Federal Tort Claims Act, and 42 U.S.C. § 233(a) and 28 U.S.C. § 1346(b) instead of under the standard *Bivens* action statute of 42 U.S.C. § 1983[.]" (ECF No. 31:2).

But Plaintiff also states he is suing PA Barby and the Unknown Nurse in both "their personal as well as their professional capacities for their Deliberate Indifference to the Plaintiff's obvious needs for medical attention beyond the dispensing of some Tylenol for pain, and for their medical malpractice[.]" Plaintiff's negligence claims against Defendants Barby and the Unknown Nurse in their "professional" capacities, is no different from his claims against the United States under the FTCA. Indeed, negligence claims against federal employees in their official capacities must be pursued under the FTCA. *See* 28 U.S.C. § 2676.

Plaintiff's assertion of claims for deliberate indifference to his serious medical needs against these two employees, however, is a civil rights claim arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 402 (1971). The distinction is important. Under Federal law, judgment for or against the United States on claims brought pursuant to the FTCA bars a plaintiff from suing

5

employees of the United States in their individual capacities. 28 U.S.C. § 2676. ("The judgment in an action under [the FTCA] shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.").

## III. STANDARD OF REVIEW

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable juror could return a verdict for either party. *Anderson*, 477 U.S. at 248. The court must resolve any factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Firemen's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995).The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. After the moving party has met its initial burden, the burden shifts to the nonmoving party to put

6

forth sufficient evidence for each essential element of the claim such that a reasonable jury could find in its favor. *Anderson*, 477 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

The nonmoving party must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the court will view in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (*citing Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief, are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Where the non-moving party bears the burden of proof at trial, he must point to specific evidence establishing a genuine issue of material fact with regard to each challenged element. *Reed v. Bennett*, 312 F.3d 1190, 194 (10th Cir. 2002). Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original, internal citation and quotation omitted).

Because of Plaintiff's pro se status, the court reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United*

*States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). However, a pro se litigant's conclusory allegations, without supporting factual averments, are insufficient to state a claim upon which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

IV. **ANALYSIS**

    A. **Federal Tort Claims Act**

The FTCA is a limited waiver of the United States' sovereign immunity, allowing the United States to be found liable for negligent acts or omissions of its employees. 28 U.S.C. § 2674. Recovery of damages under the FTCA is limited to damages for:

> personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

In this case, Oklahoma law regarding negligence claims applies. To state a claim for negligence under Oklahoma law, a plaintiff must demonstrate (a) the existence of a duty owed by defendant to plaintiff; (b) the defendant's failure to perform that duty; and (c) the defendant's failure to perform that duty caused the plaintiff injury. *See Woolard v. JLG Indus., Inc.*, 210 F.3d 1158, 1168 (10th Cir. 2000).

> The question in professional malpractice suits is not whether a physician has made a mistake, but whether he has used "ordinary care"—that which is ordinarily exercised by his peers. The law's "ordinary care" includes the assumption that the physician will use his "best judgment" in the exercise of his skill. It does not mean that he cannot make mistakes. Because so much of what a medical practitioner does is a matter of

opinion, he is not responsible for a mistake in judgment unless that mistake is so gross that it makes the professional conduct substandard. Negligence may consist of an error in judgment, but an error in judgment is not necessarily negligence, i.e., substandard professional performance.

*Boyanton v. Reif*, 798 P.2d 603, 604-05 (Okla., 1990).

Additionally,

in all but the extraordinary medical malpractice case, the plaintiff has the burden of producing expert testimony to support a prima facie case of negligence. If the origin of the injury is subjective or obscure and not readily apparent to a layman, or if there are several equally probable causes of the condition, testimony of a qualified physician is essential to establish a reasonable probability the physician's negligence caused the injury.

*Roberson v. Jeffrey M. Waltner, M.D., Inc.*, 108 P.3d 567, 569 (Okla. Civ. App. 2005).

Plaintiff has not submitted any such evidence, but Defendant United States has. Attached to the Motion for Summary Judgment as Exhibit 4 is an "Expert Report regarding Medical Treatment of Richard Jiminez by the United States" with a reference to this case number. The document contains the opinion of Tecora Ballom, D.O., the Regional Medical Director, South Central Region, for the Federal Bureau of Prisons. Dr. Ballom provided a thorough analysis of the evidence and stated her opinion that neither of the individual defendants was negligent in diagnosing or treating Plaintiff:

Based on the physical symptoms and the subjective information provided, the clinician's diagnosis of temporary/generalized pain and his finding that no medical need existed to request an x-ray was reasonable and comported with the community standard of care.

...

9

> Based on the physical symptoms and the subjective information provided, the clinician's decision on how to treat Plaintiff's injury was reasonable and comported with the community standard of care.

(ECF No. 67-4:4-5). Dr. Ballom's opinion is supported by Plaintiff's admission that he sought to conceal and minimize the pain he was suffering. (ECF No. 31:5).

In his Response to Defendant's Motion for Summary Judgment, Plaintiff takes issue with the pain rating scale and repeats his contention that he was "understandably fearful of appearing vulnerable to the inmate population, given the nature of Plaintiff's offense." (ECF No. 69:4). He further adds that, having received a prescription for Tylenol, rather than being instructed to buy it at the commissary, somehow proves his pain was severe. (*Id.*). But Plaintiff does not submit any evidence to refute the expert opinion of Dr. Ballom. And although the medical providers at FTC-OKC owed a duty to Plaintiff to render care that comported with community standards, Plaintiff has failed to demonstrate that either individual defendant violated that duty by rendering substandard care or that the care rendered resulted in harm. Under these circumstances, the Motion for Summary Judgment of the United States should be granted.

### B. Bivens Claims

The judgment in an action under the FTCA constitutes "a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. There is no question as to whether Plaintiff's proposed *Bivens* claims arose by reason of the

same subject matter as his FTCA claim. Accordingly, if this Report and Recommendation is adopted and judgment entered, the *Bivens* claims against the individual defendants should be dismissed with prejudice. *See Estate of Trentadue ex re. Auilar v. United States*, 397 F.3d 840, 859 (10th Cir. 2005).

## RECOMMENDATION

The Motion for Summary Judgment submitted by the United States **(ECF No. 67)** should be **GRANTED**. If this Report and Recommendation is adopted, the *Bivens* claims against the defendants sued in their individual capacities should be **DISMISSED WITH PREJUDICE** once judgment has been entered.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **June 13, 2016** in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED on May 27, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE