# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

RICHARD JIMENEZ, )
 )
       Plaintiff, )
vs. ) NO. CIV-14-0446-HE
 )
UNITED STATES OF AMERICA, *et al.,* )
 )
       Defendants. )

## **ORDER**

Plaintiff, a federal inmate appearing *pro se* and *in forma pauperis,* filed this action against the United States and two medical personnel, a physicians assistant, Ernest Barby, and an unidentified nurse, working at the Federal Transfer Center in Oklahoma City. Plaintiff asserts claims under the Federal Torts Claims ("FTCA") against the government and Bivens claims against the individual defendants based on allegedly inadequate medical care he received at the transfer center after he fell off a top bunk, while sleeping, onto a concrete floor.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Shon Erwin. He recommended that the motion for summary judgment filed by the United States be granted and that plaintiff's claims against the individual defendants be dismissed with prejudice.

Plaintiff seeks to recover from the United States under the FTCA, which requires him in this case to show that defendants Barby and the nurse provided him with substandard care after his fall, which resulted in harm. The magistrate judge determined that plaintiff had

failed to submit any evidence that refuted the opinion of the government's expert, Dr. Ballom, who stated that "[b]ased on the physical symptoms and the subjective information provided [by plaintiff], the care plaintiff received – which did not include an x-ray and consisted of being prescribed Tylenol – was "reasonable and comported with the community standard of care." Doc. #78, p. 9 (quoting Doc. #67-4, pp. 4-5). The expert's opinion was supported, the magistrate judge noted, "by Plaintiff's admission that he sought to conceal and minimize the pain he was suffering." Id. at p. 10.

The magistrate judge also determined that plaintiff's claims against the medical personnel who allegedly treated or failed to treat plaintiff at the transfer center should be dismissed with prejudice. Because plaintiff's FTCA claim and his Bivens claims are based on the same underlying conduct, he concluded that judgment in favor of the United States bars his Bivens claims against the individual defendants pursuant to 28 U.S.C. § 2676. That statute provides: "The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim."[1]

Plaintiff did not object to the magistrate judge's Report and Recommendation and thereby waived his right to appellate review of the factual and legal issues it addressed. Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010); *see* 28 U.S.C. §636(b)(1)(C).

---

[1] *"The magistrate judge also noted that neither Barby, now deceased, nor the nurse has been served. He stated that "despite the best efforts of counsel for Defendant United States, the identity of the nurse remains unknown. Doc. #75, p. 1 n.1 (citing Doc. #59).*

2

Accordingly, the court **ADOPTS** the Report and Recommendation of Magistrate Judge Erwin. The motion for summary judgment filed by the United States [Doc. #67] is **GRANTED** and the Bivens claims against the individual defendants are dismissed with prejudice.

**IT IS SO ORDERED**.

Dated this 23rd day of June, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE